UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 24-0884 JGB (PVCx) | Date | July 5, 2024 |
| Title | *Jose J. Melgoza v. Nissan North America, Inc., et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 9); and (2) VACATING the July 8, 2024 Hearing (IN CHAMBERS)

Before the Court is plaintiff Jose J. Melgoza's ("Melgoza" or "Plaintiff") motion to remand. ("Motion," Dkt. No. 9.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion. The Court **VACATES** the July 8, 2024 hearing.

## I. BACKGROUND

On April 28, 2023, Plaintiff filed a complaint against defendant Nissan North America, Inc. ("Nissan" or "Defendant") in the Superior Court of California, County of Riverside. ("Complaint," Dkt. No. 1-2.) The Complaint asserts three causes of action under the Song-Beverly Act: (1) breach of express warranty; (2) breach of implied warranty; and (3) violation of Section 1793.2; along with a claim for fraud. (See Complaint.) On April 25, 2024, Defendant removed the matter to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. ("NOR," Dkt. No. 1.) In support of the NOR, Defendant filed the declaration of Richard J. May with attached exhibits. ("May Decl.," Dkt. No. 1-1.)

On May 20, 2024, Plaintiff filed this Motion. (Motion.) In support of the Motion, Plaintiff filed the declaration of Roy Enav with attached exhibits. ("Enav Decl.," Dkt. No. 9-1.) On May 28, 2024, Defendant opposed. ("Opposition," Dkt. No. 11.) In support of the Opposition, Defendant filed the declaration of Stephen H. Dye. ("Dye Decl.," Dkt. No. 11-1.)

On June 11, 2024, Plaintiff replied.[1] ("Reply," Dkt. No. 12.) In support, Plaintiff filed the declaration of Roy Enav ("Roy Enav Reply Decl.," Dkt. No. 12-1); evidentiary objections to the Dye Decl. ("Evidentiary Objections," Dkt. No. 12-2);[2] and a request for judicial notice of Defendant's removal notices in seven other cases ("RJN," Dkt. No. 12-3).[3]

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. A removing defendant must file a notice of removal within thirty days after receipt of the initial pleading. Id. § 1446(b). If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. Id. § 1146(b)(3).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

//
//

---

[1] The Court notes that Plaintiff's Reply was due on Monday, June 3, 2024, fourteen days before the original June 17, 2024 hearing date—"[a] moving party may, not later than fourteen (14) days before the date designated for hearing of the motion, serve and file a reply." L.R. 7-10. While the Court will consider the Reply, it admonishes Plaintiff.

[2] Plaintiff brings evidentiary objections as to the Dye Declaration on the grounds that it "lacks foundation, is biased, and is predominately based on speculation and inadmissible hearsay." (See Evidentiary Objections.) Although the statements in the Dye Declaration are relevant to the issued presented, they are not determinative. See Gayakwad v. RSCR California, Inc., 2020 WL 7768710, at *3 (C.D. Cal. Dec. 30, 2020). As such, the Evidentiary Objections need not be considered and are **OVERRULED AS MOOT.**

[3] Plaintiff requests judicial notice of seven notices of removal. (RJN.) Because the Court "may take judicial notice of court filings and other matters of public record," Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006), the Court **GRANTS** the RJN.

### III.  DISCUSSION

Plaintiff moves to remand on the grounds that Defendant's removal was improper pursuant to 28 U.S.C. § 1446 ("Section 1446"). (Motion at 5.) Defendant argues that removal was timely and that this action is within the Court's subject matter jurisdiction. (Opposition at 1.)

There are two pathways to remove a case under Section 1446—first, when the basis of removal is clear from the face of the complaint, and second, when a defendant is served with an amended pleading, motion, order or "other paper" which makes the grounds for removal "unequivocally clear and certain." Section 1446(b)(3); Dietrich v. Boeing Co., 14 F.4th 1089, 1090-91 (9th Cir. 2021). Section 1446(b)(1) and (b)(3) places strict limits on a defendant who is put on notice of removability by a plaintiff. Roth v. CHA Hollywood Medical Center, L.P., 720 F.3d 1121, 1125 (9th Cir. 2013). A defendant may remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines. Id.

Here, because the Complaint does not set forth a ground for removal, the case turns on the second prong, specifically whether Plaintiff's October 20, 2023 case management conference statement ("CMS," Enav Decl., Ex. 5) constituted an "other paper" such that the 30-day removal deadline was triggered.

Plaintiff's CMS states:

> Plaintiff seeks recission of the purchase contract, restitution of all monies expended for the vehicle, incidental and consequential damages, civil penalties in the amount of two times Plaintiff's actual damages, diminution in value, prejudgment interest, reasonable attorneys' fees and costs of suit, general special, and actual damages according to proof at trial. Plaintiff's restitution damages are in excess of $50,000.00 and attorney's fees and costs are currently in excess of $20,000.

(CMS at 7.)

Plaintiff argues that the CMS constitutes an "other paper" under Section 1446—as such, Defendant's April 25, 2024 removal is untimely. (See Motion.) Defendant's reliance on Castillo is misplaced—there the court did not address Section 1446(b)(3) and instead remanded the case because defendant failed to present evidence establishing that the amount in controversy more likely than not exceeded $75,000. Hugo Martinez Castillo v. Nissan, 2:23-cv-10473-MCS-PVC (C.D. Cal. 2023). Here, the parties do not dispute that the amount in controversy exceeds $75,000, instead the issue is whether the CMS constituted an "other paper." (See Opposition at 5.)

The Court finds that the CMS makes removability "unequivocally clear and certain." Dietrich v. Boeing Co., 14 F.4th, at 1090-91. Plaintiff explicitly states that he seeks, among other

things, restitution damages in excess of $50,000, attorneys' fees and costs which are currently in excess of $20,000, and civil penalties in the amount of "two times Plaintiff's actual damages"—this sum exceeds the $75,000 amount in controversy required for removal. (CMS at 7.) Accordingly, Defendant had until November 19, 2023 to remove this case—it failed to meet this deadline. (See NOR.) The Court also notes that Defendant recently relied on an identical CMS as the grounds for removability under Section 1446(b)(3) in seven nearly identical cases—as Plaintiff notes, Defendant "cannot have it both ways." (Reply at 6); see Jose Jara Jara, et al. v. Nissan, Case No. 2:23-cv-10461-ODW-AS (C.D. Cal. 2023); Yaneth Cerpas v. Nissan, Case No. 8:23-cv-02371-JWH-JDE (C.D. Cal. 2023); Sarah Prince v. Nissan, Case No. 5:23-cv-02333-SSS-SP (C.D. Cal. 2023); Frank Giron Robles v. Nissan, Case No. 2:24-cv-00489-RGK-PD (C.D. Cal. 2024); Jesus Quinones v. Nissan, Case No. 2:23-cv-10303-FMO-DFM (C.D. Cal. 2023); Islas et al. v. Nissan, Case No. 3:23-cv-02315-JES-MS (S.D. Cal. 2023); Davon P. Tucker v. Nissan, Case No. 3:24-cv-00524-AGT (N.D. Cal. 2024). "A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." Roth, 720 F.3d, at 1125.

The Court finds that pursuant to Section 1446(b)(3), Defendant's removal was untimely and that Defendant has not met its burden to establish that removal was proper.[4] Accordingly, the Court **GRANTS** the Motion.

## IV.   CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this action to the California Superior Court for the County of Riverside. The Court **VACATES** the July 8, 2024 hearing.

**IT IS SO ORDERED.**

---

[4] Plaintiff requests that the Court issue an order to show cause pursuant to Federal Rule of Civil Procedure 11(c)(3) based Defendant's "deliberate misrepresentation of the timeliness of its removal." (Motion at 5.) Cases warranting the imposition of sanctions for frivolous actions are "rare and exceptional"—this is not one. See Operating Eng'rs Pension Trust v. A–C Co., 859 F.2d 1336, 1344 (9th Cir. 1988). The Court **DENIES** Plaintiff's request.